# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TOMMY J. BURCHETT, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-08-233-SPS |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of the Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

The claimant Tommy J. Burchett requests judicial review pursuant to 42 U.S.C. § 405(g) of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for benefits under the Social Security Act. The claimant appeals the decision of the Commissioner and asserts that the Administrative Law Judge ("ALJ") erred in determining he was not disabled and that he could perform his past relevant work. For the reasons discussed below, the Commissioner's decision is REVERSED and REMANDED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work

which exists in the national economy[.]" *Id.* § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) [citation omitted]. The term substantial evidence has been interpreted by the United States Supreme Court to require "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The Court may not reweigh the evidence nor substitute its discretion for that of the agency. *Casias v. Secretary of Health & Human Services*, 933

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. *Id*. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity, or if his impairment is not medically severe, disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. If the claimant suffers from a listed impairment (or impairments "medically equivalent" to one), he is determined to be disabled without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must establish that he lacks the residual functional capacity (RFC) to return to his past relevant work. The burden then shifts to the Commissioner to establish at step five that there is work existing in significant numbers in the national economy that the claimant can perform, taking into account his age, education, work experience and RFC. Disability benefits are denied if the Commissioner shows that the claimant's impairment does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

F.2d 799, 800 (10th Cir. 1991). Nevertheless, the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born on August 24, 1974, and was thirty-two years old at the time of the administrative hearing. He has a high school education and previously worked as a cashier, stock clerk, sacker, injection machine operator, and power washer (Tr. 44-45). The claimant alleges he has been unable to work since April 15, 2005, because of back pain, neck pain, headaches, and shortness of breath (Tr. 35-36).

## Procedural History

On April 19, 2006, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental security income payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. Both applications were denied. ALJ Charles Headrick conducted a hearing and determined that the claimant was not disabled in a decision dated October 18, 2007. The Appeals Council denied review, so the ALJ's decision represents the Commissioner's final decision for purposes of this appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at steps four and five of the sequential evaluation. He found that the claimant had the residual functional capacity ("RFC") to perform light

work, *i. e.*, that he could lift/carry 10 pounds frequently and 20 pounds occasionally, stand/walk for 6 of 8 hours in a workday, sit for 6 of 8 hours in a workday, and push/pull on an unlimited basis (Tr. 18). The ALJ concluded that the claimant was not disabled at step four because he could return to his past relevant work as an injection machine operator and cashier (Tr. 22). The ALJ alternatively concluded that the claimant was not disabled at step five because he could perform other work existing in significant numbers in the national economy given his age, education, work experience and RFC, *i. e.* laundry sorter, mailroom clerk, clerical mailer, and sorter (Tr. 22-3).

**Review**

The claimant contends that the ALJ erred: (1) by failing to perform a proper determination at steps 4 and 5 of the sequential evaluation process, citing multiple points of error; and (2) by failing to perform a proper credibility determination. The Court finds the claimant's second contention dispositive.

The ALJ discussed the claimant's subjective complaints in his written decision and summarized some of the treatment records pertinent to those complaints (Tr. 19-21). Regarding the claimant's credibility, the ALJ concluded as follows:

> After considering the evidence of record, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to produce some of the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible.

\*   \*   \*

> After giving due consideration to credibility, motivation, and the medical evidence, the Administrative Law Judge is persuaded that the claimant exaggerates at least some of his symptoms.
>
> The Administrative Law Judge finds that the severity of the claimant's symptoms is disproportionate in comparison to the usual severity of his condition. Therefore, the claimant's statements about his impairments and their impact on his ability to perform activities of daily living and basic functions are not entirely credible in light of discrepancies between the claimant's alleged symptoms and objective documentation in file. Specifically, the physical findings and supporting clinical data do not closely corroborate or correlate with the claimant's subjective complaints.

(Tr. 20, 21-22). The ALJ went on to discuss the credibility factors that he actually considered, *e. g.*, (i) that none of the claimant's treating physicians opined that the claimant was disabled or had physical limitations greater than his RFC; (ii) that the treatment received by the claimant had been conservative in nature; (iii) that the claimant's limited daily activities "cannot be objectively verified with any reasonable degree of certainty" (Tr. 21); (iv) that the claimant's limited daily activities could not be explained by the "relatively weak medical evidence and other factors discussed in this decision (tr. 21); (v) that the claimant's description of his symptoms was "inconsistent and unpersuasive" and that the claimant had "not provided convincing details regarding factors that precipitate the allegedly disabling symptoms, claiming that the symptoms are present 'constantly' or all of the time" (Tr. 22); (vi) that the claimant's description of pain was "unusual," that it was "not typical for the impairments documented by medical findings in this case" and that it was "so extreme as to appear implausible" (Tr. 22).

A credibility determination is entitled to deference unless the ALJ misread the evidence taken as a whole. *See, e. g., Casias,* 933 F.2d at 801. But a determination "should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995). Absent close links between an ALJ's findings and evidence *somewhere in the written decision*, a credibility determination amounts to nothing more than unhelpful boilerplate. *See Hardman v. Barnhart,* 362 F.3d 676, 679 (10th Cir. 2004) ("[B]oilerplate language fails to inform us in a meaningful, reviewable way of the specific evidence the ALJ considered in determining that claimant's complaints were not credible."), *citing Briggs ex rel. Briggs v. Massanari,* 248 F.3d 1235, 1239 (10th Cir. 2001).

The ALJ's analysis of the claimant's credibility in this case amounts to the "conclusion in the guise of findings" condemned by *Kepler* and is legally deficient for several reasons. First, the ALJ failed to specify the evidence supporting many of his findings about the claimant's credibility. *See, e. g., Kepler*, 68 F.3d at 391 (10th Cir. 1995) (The ALJ must "explain why the specific evidence . . . led him to conclude claimant's subjective complaints were not credible."). For example, the ALJ observed that the claimant's subjective complaints lacked consistency and detail but failed to discuss evidence demonstrating either, and he cited unspecified "weak medical evidence and other factors" as reasons for rejecting the claimant's complaints. Second, the ALJ made findings arguably supported by the record but failed to explain how those findings compromised the claimant's credibility, *e. g.*, he noted that the claimant described his

pain as constant and that he received only conservative medical treatment but failed to say why these things made the claimant unbelievable. Third, the ALJ cited some reasons for disbelieving the claimant that were simply erroneous, *e. g.*, he rejected the claimant's limited daily activities as "objectively unverifiable," *see Swanson v. Barnhart*, 190 Fed. Appx. 655, 657 (10th Cir. 2006) ("Objective verifiability is not the standard we have settled upon for credibility issues. Rather, we have long insisted that ALJs rely on evidence that is (1) substantial; and (2) closely and affirmatively linked to credibility."), *citing Kepler*, 68 F.3d at 391, *but see Wall v. Astrue*, 561 F.3d 1048, 1069-1070 (10th Cir. 2009) (finding no error by the ALJ in commenting on a lack of objective verifiability where the ALJ had already determined the claimant's credibility), and he observed that none of the claimant's treating physicians found him disabled, a particularly ironic observation given that the ALJ would undoubtedly have criticized any such opinion from a treating physician as encroaching on the Commissioner's discretion. *See* 20 C.F.R. §§ 404.1527(e)(1), 416.927(e)(1) ("A statement by a medical source that you are disabled or unable to work does not mean that we will determine that you are disabled.") [quotation marks omitted].

Because the ALJ failed to follow the standards set forth in *Kepler* and *Hardman* in analyzing the claimant's credibility, the decision of the Commissioner must be reversed and the case remanded to the ALJ for further analysis so the Court can assess "whether relevant evidence adequately supports the ALJ's conclusion." *Clifton v. Chater,* 79 F.3d 1007, 1009 (10th Cir. 1996). On remand, if the ALJ determines that the claimant's

subjective complaints result in further functional limitations, he must include those limitations in the claimant's RFC and re-determine whether he is disabled.

## Conclusion

As set forth above, the Court finds that correct legal standards were not applied by the ALJ and the decision of the Commissioner is therefore not supported by substantial evidence. Accordingly, the decision of the Commissioner is hereby REVERSED and the case REMANDED for further proceedings consistent herewith.

**DATED** this 17th day of September, 2009.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**